```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
        v.                      )   CRIM. NO. 09-10210-DPW
                                )
MICHEL COTY                     )
```

MEMORANDUM IN AID OF SENTENCING
AND MOTION FOR DOWNWARD VARIANCE

The defendant Michel Coty, through undersigned counsel, respectfully submits this memorandum to assist the Court at sentencing in the above-captioned case. The sentencing is set for October 26, 2010 and follows Mr. Coty's guilty pleas to three counts of armed bank robbery, in violation of 18 U.S.C. §2113.

MR. COTY'S BACKGROUND AND CIRCUMSTANCES

Michel Coty is 46 years old. As a young adult, he had many scrapes with the law, and he used drugs and alcohol from an early age; PSR ¶¶ 126-127. He spent his late teen years and early 20s in trouble for property offenses and some assaultive conduct. Then, in 1990, Mr. Coty had what he described as an "epiphany;" PSR ¶109. He gave up drugs, stopped "running the streets," moved in with his grandmother in Dedham, and straightened himself out. He began attending college at the U. Mass. campus in Boston.

By about 1994, he was living the life of a responsible adult. He had recently married; his daughter Krystle Rose was born in the spring of 1994. He dropped out of college when his

1

daughter was still a baby to work full-time as a roofer; PSR ¶137. His son Michel, Jr. was born in March 2007. Mr. Coty held the same job for 10 years; then in 2004 he left Beth Coopersmith Construction to start his own roofing business.

In 2004 and 2005, things started to sour for Mr. Coty. He tore the meniscus in his right knee. This injury would cause him many problems, and it ultimately precipitated his relapse into drug use after years of sobriety. By 2005 Mr. Coty had become dependent upon Vicodin, which he took for the knee injury. By 2007, he was no longer able to get Vicodin via prescription, so he began substituting street drugs, namely heroin and cocaine. His marriage also failed during this period, and in November 2005 he moved out of the marital home. He continued to run his business and work, and in 2006 his children came to live with him after their mother relinquished physical custody of them.

By early 2009, Michel Coty was a divorced, single father taking care of his 2 teenaged children. He was still self-employed and living in Dedham. But by this point he was no longer sober, as he was using heroin and cocaine. Also, by the beginning of 2009, the economic downturn was severely affecting his roofing business. Work dried up and he had no income. He became financially desperate, and in his drug-addled state he agreed to participate in the robberies for which he is being sentenced. He used proceeds of the robberies to pay his rent and

a note on his truck, as well as to buy food and pay for utilities and incidentals.

Since the day of his arrest, Mr. Coty has been fixated on his children's situation.  Though they returned to their mother briefly after Mr. Coty's arrest, that arrangement was short-lived.  They left the state for a while to stay with relatives in the south, but they are now back in the Commonwealth and in foster care.[1]  He wants nothing more than to be reunited with his children, who are now 13 and 16, and hopes they will be able to forgive him for having created this situation.  He knows they feel abandoned by both of their parents, and that they are angry and hurt.

### RELEVANT CONSIDERATIONS UNDER 18 U.S.C. §3553

18 U.S.C. §3553(a) dictates that a sentence shall be "sufficient but not greater than necessary [] to comply with the purposes set forth" in ¶2 of the statute.  These statutory purposes include the need for the sentence to: 1) reflect the seriousness of the offense, provide just punishment for the offense, and promote respect for the law, 2) adequately deter criminal conduct, 3) protect the public from the defendant's further crimes, and 4) provide the defendant with needed

---

[1] Mr. Coty has an attorney representing him in his child custody and family-related matters.  Undersigned counsel received the information regarding the children's foster care status from this attorney, Mr. Gary McManus.

education or vocational training, medical care, or other correctional treatment. 18 U.S.C. §3553(a)(2). The sentencing court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in formulating an appropriate sentence. §3553(a)(1).

In this case, counsel submits that Mr. Coty's greatest needs are for drug and vocational rehabilitation. Counsel feels quite certain that Mr. Coty would not have agreed to participate in these crimes had his judgment not been impaired by drug use. He has demonstrated the ability to get clean and stay clean for a long period; he has demonstrated a strong commitment to his children and a desire to give them a stable home. He has also proven himself to be a willing and steady worker.

Counsel acknowledges the seriousness of the crimes for which Mr. Coty is to be sentenced and submits that a sentence of 48 months is a reasonable and sufficient sentence for this defendant in this case. The sentence is real punishment that will be perceived as such by Mr. Coty. It will deter him from any future criminal conduct. He will feel it acutely because it will mean a prolonged separation from his children. He is wracked by guilt over leaving his children homeless and fatherless by having engaged in these crimes.

Drug rehabilitation is also needed here. Counsel feels certain that Mr. Coty wants to recover from his drug habit and

will be highly motivated to participate and succeed in any program available to him at the Bureau of Prisons.

Lastly, Mr Coty truly regrets his conduct and knows it was inexcusable.  He only wants to get back on his feet, be reunited with his children, when they can forgive him, and support himself and his family.  Counsel asks the Court to impose a sentence of 48 months.  Counsel asks that no fine be imposed, as Mr. Coty has no resources to pay a fine.

                                    Respectfully submitted

                                    By his attorney,

                                    /s/ Syrie D. Fried
                                    Syrie D. Fried
                                        B.B.O. # 555815
                                    Federal Public Defender Office
                                    51 Sleeper Street, 5th Floor
                                    Boston, MA  02210
                                    (617) 223-8061

## CERTIFICATE OF SERVICE

I, Syrie D. Fried, do hereby certify that the foregoing memorandum was filed electronically via this court's electronic case filing system ("ECF"), and will be served electronically on the parties identified in the Notice of Electronic Filing ("NEF") this 25th day of October, 2010.

                                    /s/  Syrie D. Fried